IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action File No. 09-cv-00925-PAB-MEH

WENDY GREEN, individually and as guardian
for Jonathan Weikel,

      Plaintiff,

          v.

LIFEVEST PUBLISHING, INC.,
BRENDA SIMMONS,
DAVID WEIKEL, BETH WEIKEL, and
BY HIS DESIGN, LLC,

      Defendants.

_____

DAVID WEIKEL, BETH WEIKEL, and
BY HIS DESIGN, LLC,

      Counterclaimants,

          v.

WENDY GREEN, individually,

      Counterclaim Defendant.

_____

LIFEVEST PUBLISHING, INC.,

      Crossclaimant,

          v.

DAVID WEIKEL, BETH WEIKEL, and
BY HIS DESIGN, LLC,

      Crossclaim Defendants.

---

**ORDER**

---

THIS MATTER comes before the Court on the Joint Status Report and Motion by Plaintiff and Defendants to (i) Enter Final Stipulated Order; (ii) Deny Motion to Dismiss; and (iii) Administratively Close Case (the "Motion") [Docket No. 56], dated August 20, 2009, filed by plaintiff Wendy Green, individually and as guardian for Jonathan Weikel (collectively, "Green") against David Weikel, Beth Weikel, and By His Design, LLC (collectively, the "Weikels"); and LifeVest Publishing, Inc. ("LifeVest") and Brenda Simmons.   The Weikels, LifeVest, and Ms. Simmons are each defendants and will be collectively referred to herein as "Defendants"; Green and Defendants are collectively referred to herein as the "Parties."  The Court, having considered the Motion and the Settlement Agreement, attached hereto as Exhibit 1, and being otherwise fully advised in the premises,

ORDERS as follows:

1.      The Motion [Docket No. 56] is GRANTED in part and DENIED in part.

2.      The Motion by Counterclaim Defendant Wendy Green to Dismiss Counterclaim and Brief in Support Thereon [Docket No. 49] is denied without prejudice.

3.      This case is administratively closed pursuant to D.C.COLO.LCivR 41.2 and is subject to reopening for any default, breach, or other non-compliance with respect to the Settlement Agreement by and among Green, David Weikel, Beth Weikel, By His Design, LLC, By His Design Trust, Southwest Investment Properties, LLC, LifeVest

-2-

Publishing, Inc., and Brenda Simmons (the "Settlement Agreement"), or this Order.  The

parties shall file a status report on or before September 2, 2011, advising the Court

whether this case can be dismissed.

4.      This Order supersedes the Order Extending Temporary Restraining Order

[Docket No. 28] dated May 22, 2009.

5.      Defendants shall destroy any copies of *Heart of a Warrior, Dispatches*

*from the Front* ("Warrior"), in any format or medium, in whole or in part, that are in

Defendants' possession or control, whether directly or through third parties, including

counsel, that Defendants locate in the future.  Defendants shall notify Green through her

counsel within three business days of any facts they learn or become aware of

concerning the existence and/or location of any outstanding copies of Warrior, including

the following contact information concerning the holder of such copies, if available: (i)

name; (ii) physical and email addresses; and (iii) telephone and facsimile numbers.

6.      Defendants shall destroy any copies of Ian Weikel's prayer journals (the

"Journals") in any format or medium, in whole or in part, that are in Defendants'

possession or control, whether directly or through third parties, including counsel, that

Defendants locate in the future.  Defendants shall notify Green through her counsel

within three business days of any facts they learn or become aware of concerning the

existence and/or location of any outstanding copies of the Journals, including the

following contact information concerning the holder of such copies, if available: (i) name;

(ii) physical and email addresses; and (iii) telephone and facsimile numbers.

Notwithstanding anything to the contrary in this paragraph, Green and/or Green's

Agents (defined as including principals, officers, servants, employees, attorneys-in-fact,

attorneys at law, contractors, consultants, distributors, and any and all persons under

the control or in active concert or participation with Green, jointly or severally) may

reproduce, print, distribute, or set out in any format or medium, in whole or in part, the

Journals, and act in any other manner consistent with her ownership in the Journals.

7.      Pursuant to 17 U.S.C. § 502, and in order to protect Green's copyright to

the Journals, Defendants and each of their officers, agents, servants, employees, and

attorneys, and any and all persons who are in active concert or participation with

Defendants, jointly or severally, are permanently enjoined and restrained from

reproducing, printing, distributing, or setting out in any format or medium, in whole or in

part, Warrior, the Journals, or Green or Jonathan Weikel's name or likeness, including

in pictures and written communications to or from Green or Jonathan Weikel, or any

other publication with protectable elements of Warrior, the Journals, or Green or

Jonathan Weikel's name or likeness, including making any of the foregoing available on

the Internet via an "e-book" file or otherwise.

8.      Within 10 business days of entry of this Order, pursuant to 37 C.F.R.

§ 201.7(c)(4)(vi), the Weikels shall request the U.S. Copyright Office to cancel the

copyright registration TXu001591692 for the work entitled *Heart of a Warrior,*

*Dispatches from the Front*, because the Weikels, in particular defendant Beth Weikel,

the named copyright claimant, are not the rightful owners of the copyright in the

work Warrior.  The Weikels shall provide evidence of their efforts to cancel the

copyright to Green through her counsel within 15 business days of entry of this Order.

9.      On April 30, 2009, the Court entered its Order Granting Motion to Seal

[Docket No. 15], in which it placed under seal Exhibits 3 and 5 to the Complaint for

Damages and Injunctive Relief [Docket No. 1].  The Order Granting Motion to Seal shall

remain in full force and effect.

10.     Notwithstanding the administrative closure or dismissal of this case, the

Court retains jurisdiction to (i) enforce the terms of this Order or (ii) resolve any disputes

or controversies in connection with the Settlement Agreement.

DATED September 9, 2009.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

# EXHIBIT 1

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into by and among Wendy Green, individually and as guardian for Jonathan Weikel (collectively, "**Green**"); and David Weikel, Beth Weikel, By His Design, LLC, By His Design Trust, and Southwest Investment Properties, LLC (collectively, the "**Weikels**," and excepting By His Design Trust and Southwest Investment Properties, LLC, the "**Weikel Defendants**"); and LifeVest Publishing, Inc. ("**LifeVest**") and Brenda Simmons (the Weikel Defendants, LifeVest, and Ms. Simmons are, individually, each a "**Defendant**," and collectively "**Defendants**"). Each of the foregoing is individually referred to herein as a "Party," and collectively referred to herein as the "Parties."

## RECITALS

WHEREAS, Green is the widowed wife of Ian Weikel, and David and Beth Weikel are Ian Weikel's parents;

WHEREAS, Ian Weikel willed, pursuant to that certain *Last Will and Testament of Ian Patrick Weikel* (the "**Will**"), dated November 30, 2005, all of his personal property, including his prayer journals (the "**Journals**"), to Green;

WHEREAS, Defendants do not contest the validity of the Will;

WHEREAS, Green is the owner of a valid federally registered copyright in the Journals, dated on or about October 14, 2008, bearing registration number TXu001587834;

WHEREAS, Defendants have published, printed, and distributed the following two books that may have given rise to one or more claims against Defendants by Green because they include, among other things, the Journals, unreleased photographs of Green and Jonathan Weikel, and certain communications involving Green: *What Do Daddies in Heaven Do?* ("**Daddies**") and *Heart of a Warrior, Dispatches from the Front* ("**Warrior**");

WHEREAS, on April 22, 2009, Green commenced this action by filing her *Complaint for Damages and Injunctive Relief* (the "**Initial Complaint**") [Docket No. 1] against the Weikel Defendants and LifeVest in the United States District Court for the District of Colorado (the "**Court**"), bearing Civil Action File No. 09cv00925-PAB-MEH (the "**Case**");

WHEREAS, also on April 22nd, Green filed her *Motion By Plaintiff for Temporary Restraining Order and Preliminary Injunction* (the "**Injunction Motion**") [Docket No. 4], seeking a temporary restraining order and preliminary injunction prohibiting certain conduct;

WHEREAS, on April 23, 2009, the Court held a hearing on the Injunction Motion. At this hearing, Green, the Weikel Defendants, and LifeVest negotiated an agreement embodied in the *Stipulated Order Granting Motion by Plaintiff for Temporary Restraining Order* (the "**Stipulated TRO Order**") [Docket No. 10], dated April 23, 2009;

WHEREAS, Green, the Weikel Defendants, and LifeVest agreed to extend the *Stipulated TRO Order* to through and including entry of a final judgment or order of the Court that resolves all claims among Green, the Weikel Defendants, and LifeVest, which was approved by the Court

in its *Order Extending Temporary Restraining Order* (the "**Stipulated TRO Extension Order**") [Docket No. 28], dated May 22, 2009;

WHEREAS, on June 11, 2009, Green amended the Initial Complaint, filing the *First Amended Complaint for Damages and Injunctive Relief* [Docket No. 40], which additionally named Brenda Simmons as a defendant;

WHEREAS, on June 15, 2009, the Weikels filed a counterclaim [Docket No. 43], which asserts one claim against Green, individually, for defamation;

WHEREAS, on June 16, 2009, LifeVest crossclaimed against the Weikel Defendants [Docket No. 44];

WHEREAS, Defendants have fully and completely complied with the Stipulated TRO Order and the Stipulated TRO Extension Order; and

WHEREAS, the Parties have agreed to compromise and settle all claims between or among them, or which could have been asserted in any lawsuit, on the terms set forth below.

## COVENANTS

NOW, THEREFORE, in consideration of the foregoing premises and other good and valuable consideration, the adequacy and receipt of which is hereby mutually acknowledged, the Parties hereby agree as follows:

1.    The foregoing recitals are true and correct and are incorporated herein as if set forth at length.

2.    Green and Defendants admit the Court has jurisdiction over them and the subject matter of the Case.

## I.    MONETARY COMPONENT/SECURITY (APPLICABLE TO WEIKELS ONLY)

3.    **The Settlement Amount**. The Weikels shall pay to Green, through delivery to her counsel, by cashier's check, certified funds, or wire, the sum of $50,000.00 (the "**Settlement Amount**") on and after the date of complete execution of this Agreement (the "**Effective Date**"), but in any event no later than August 31, 2009.

4.    **The Weikels' Representations and Warranties**. The Weikels represent and warrant as of the Effective Date,

        A.    they have no outstanding judgments entered against any of them, whether by any state or federal court, arbitrator, or otherwise, and none of the Weikels owe the Internal Revenue Service any overdue taxes;

-2-

B.  other than transfers, or pledges, liens, mortgages, security interests, or encumbrances, arising out of Green's election of her remedies pursuant to paragraph 5, unless and until the Weikels timely and fully satisfy all of their monetary obligations to Green pursuant to paragraphs 3 and 5, as applicable, the Weikels shall not transfer, in whole or in part, directly or indirectly, or voluntarily permit or cause any pledges, liens, mortgages, security interests, or encumbrances to be asserted or recorded against, any real property titled in their name as of August 6, 2009 and thereafter, including real property located at:

    i.  630 N. 25th Street, Colorado Springs, CO 80904;

    ii.  1585 Witches Willow Lane, Colorado Springs, CO 80906;

    iii.  3730 Strawberry Field Grove, #C, Colorado Springs, CO 80906;

    iv.  504 Aztec Drive, Colorado Springs, CO 80911;

    v.  115 Cherry Circle, Fountain, CO 80817; and

    vi.  4633 N. Crimson Circle, Colorado Springs, CO 80917; and

C.  in order to induce Green to enter into this Agreement, By His Design Trust and Southwest Investment Properties, LLC are receiving reasonably equivalent value for inclusion in this Agreement, including, without limitation, because they would be litigation targets to collect on any judgment Green could obtain against the Weikel Defendants.

5.  **Effect of Monetary Default(s)**.  If the Weikels do not satisfy in full all of their monetary obligations to Green under this Agreement on or before August 31, 2009, the Weikels voluntarily and freely agree and confess to judgment, jointly and severally, upon filing by Green of a motion for judgment, with notice to the Weikels through counsel, in the Court for $55,000.00, plus compounded interest at 20% per annum, thereon from the date of default (which interest shall continue to accrue until the judgment is paid in full), and all attorneys' fees, collection costs, and enforcement expenses related thereto, including such additional attorneys' fees and costs incurred by Green in filing and prosecuting a motion to obtain the judgment, collecting the judgment, and otherwise enforcing the terms of this Agreement.  The Weikels waive any defenses to the claims of Green and entry of the foregoing judgment (excepting only the defenses of timely and full payment; and if the Weikels prevail upon such defense, then Green shall be liable to the Weikels for their attorneys' fees and costs incurred in defending the motion).  A confession of judgment effected pursuant to this paragraph 5 shall not be a breach of, or non-compliance with, the Stipulation per paragraph 7.G.  If Green elects her remedies pursuant to this paragraph, all Defendants and By His Design Trust and Southwest Investment Properties, LLC (i) consent to, and waive any objections regarding, the joinder as defendants of By His Design Trust and Southwest Investment Properties, LLC in the Case, and amending the complaint accordingly; (ii) consent to, and waive any objections regarding, the Court exercising

-3-

personal jurisdiction over By His Design Trust and Southwest Investment Properties, LLC; (iii) agree that counsel for By His Design Trust and Southwest Investment Properties, LLC shall accept process on their behalf (and counsel so agrees as well); (iv) admit the Court has subject matter jurisdiction over By His Design Trust and Southwest Investment Properties, LLC; and (v) consent to, and waive any objections regarding, judgment entering against By His Design Trust and Southwest Investment Properties, LLC, consistent with the terms of this paragraph.

6.      **Effect of Bankruptcy/Receivership**.  Notwithstanding anything to the contrary herein, prior to making full payment of all amounts due pursuant to this Agreement, if any Weikel files a petition for voluntary bankruptcy, or an involuntary bankruptcy petition is filed against any Weikel, or any Weikel is the subject of a receivership, or if Green is ordered or in any manner compelled to pay over, release, reimburse, or otherwise return any amounts received pursuant to this Agreement, then the Parties agree Green shall have an allowed (secured) claim in the bankruptcy or receivership equal to $55,000.00, plus compounded interest at 20% per annum, and all attorneys' fees, collection costs, and enforcement expenses related thereto, less any payments made pursuant to this Agreement that are not otherwise required to be paid over, released, reimbursed, or otherwise returned in any such proceeding.  Such allowed claim is without prejudice to any other remedy available at law or in equity to Green.

## II.      FINAL STIPULATION

7.      The Parties further agree to the following terms, which are incorporated in the Final Stipulated Order (the "**Stipulation**") to be submitted to the Court for its approval, a copy of which is **Exhibit A** hereto and incorporated herein by reference.  The Parties acknowledge that each term is material, and the failure of the Court to approve all of them via the Order Approving Stipulation (defined herein) is a basis for Green to void this Agreement in her sole discretion *in toto* within 10 business days of such denial upon written notice to counsel for Defendants, leaving it of no force or effect, including terms related to Green's release of Defendants.

A.      **Warrior**.  All copies of Warrior, in any format or medium, in whole or in part, shall be destroyed, and shall be subject to destruction if any copies are located in the future.  Any remaining copies of Warrior controlled, possessed, or maintained by any Defendant or third party (including counsel) shall be delivered to counsel for Green within five business days of notice of this injunction or entry of the Order Approving Stipulation (defined herein), whichever is earlier.  Defendants disclaim and release all interest, if any, they have in Warrior.  Defendants shall notify Green through her counsel within three business days of any facts they learn or become aware of concerning the existence and/or location of any outstanding copies of Warrior, including at least the following contact information of the holder of the property if available: (i) name; (ii) physical and email addresses; and (iii) telephone and facsimile numbers;

B.      **Journals**.  Except as set forth in this subparagraph, all copies of the Journals, but for those maintained by Green, in any format or medium, in

-4-

whole or in part, shall be destroyed, and shall be subject to destruction if any copies are located in the future. Any remaining copies of the Journals controlled, possessed, or maintained by any Defendant or non-Green third party (including counsel) shall be delivered to counsel for Green within five business days of notice of this injunction or entry of the Order Approving Stipulation, whichever is earlier. Defendants disclaim and release all interest, if any, they have in the Journals. Defendants shall notify Green through her counsel within three business days of any facts they learn or become aware of concerning the existence and/or location of any outstanding copies of the Journals, including at least the following contact information of the holder of the property if available: (i) name; (ii) physical and email addresses; and (iii) telephone and facsimile numbers. Notwithstanding anything to the contrary in this subparagraph, Green and/or Green's Agents (defined as including principals, officers, servants, employees, attorneys-in-fact, attorneys at law, contractors, consultants, distributors, and any and all persons under the control or in active concert or participation with Green, jointly or severally) may reproduce, print, distribute, or set out in any format or medium, in whole or in part, the Journals, and act in any other manner consistent with her ownership in the Journals;

C.   **Further Injunction**. Except as set forth in this subparagraph, Defendants and each of their agents, including principals, officers, servants, employees, attorneys-in-fact, attorneys at law, contractors, consultants, distributors, and any and all persons under the control or in active concert or participation with Defendants, jointly or severally (collectively, **"Defendants' Agents"**), are permanently enjoined and restrained from reproducing, printing, distributing, or setting out in any format or medium, in whole or in part, Warrior, the Journals, or Green or Jonathan Weikel's name or likeness, including in pictures and written communications to or from Green or Jonathan Weikel, or any other publication with protectable elements of Warrior, the Journals, or Green or Jonathan Weikel's name or likeness, including making any of the foregoing available on the Internet via an "e-book" file or otherwise. Notwithstanding anything to the contrary in this subparagraph,

i.   Green and Jonathan Weikel disclaim and release all interest, if any, they have in Daddies, and do not object to the use of the pictures of Jonathan Weikel set forth in the first edition of Daddies in the printed manner and context, or to LifeVest printing, publishing, and distributing the first edition of Daddies. Green and Jonathan Weikel do not, however, consent to reproducing, printing, distributing, or setting out in any format or medium, in whole or in part, any additional pictures of Jonathan Weikel, or the pictures

-5-

>> from the first edition of Daddies in a different manner or
>> context, in any future editions of Daddies;

ii.     Green and Jonathan Weikel do not object to David and/or
        Beth Weikel using Green and/or Jonathan Weikel's
        name(s) and/or likeness in a non-commercial, private
        manner such as displaying pictures of them at their home.
        Green and Jonathan Weikel do not, however, consent to
        David and/or Beth Weikel using Green and/or Jonathan
        Weikel's name(s) or likeness in any other manner,
        including in any commercial or other non-private manner,
        or otherwise engaging in conduct that would be actionable
        in a court of law, including conduct that would give rise to
        one or more claims such as for invasion of privacy or
        copyright infringement; and

iii.    Green and Jonathan Weikel do not object to the Weikels
        preparing and publishing works concerning Ian Weikel so
        long as the publications do not infringe on any of their
        privacy rights, involve or include any of their personal
        property, or otherwise constitute conduct that would be
        actionable in a court of law, including conduct that would
        give rise to one or more claims such as for invasion of
        privacy or copyright infringement;

D.   **Copyright Cancellation**. LifeVest and Ms. Simmons represent and
     warrant that neither has sought to copyright Warrior, or has a copyright in
     Warrior. The Stipulation shall include the Court's order to cancel
     Weikels' copyright registration TXu001591692. Within 10 business days
     of entry of the Order Approving Stipulation (defined herein), the Weikels
     shall cancel, withdraw, terminate, extinguish, or otherwise nullify all
     copyrights in Warrior (including registration number TXu001591692), or
     take all steps necessary to cause such cancellation, withdrawal,
     termination, extinguishment, or nullification;

E.   **Exhibits to Remain Sealed**. On April 30, 2009, the Court entered its
     *Order Granting Motion to Seal* [Docket No. 15], in which it ordered
     sealed Exhibits 3 and 5 to the Initial Complaint. These two Exhibits shall
     remain forever sealed and no one shall have access to them except for
     Green and her counsel, and the Court and its employees;

F.   **Approval of Court**. This Stipulation is subject to approval pursuant to a
     final, non-appealable order of the Court (the "**Order Approving
     Stipulation**"). The Parties shall take all necessary and appropriate action
     to effectuate the terms of this Stipulation, including filing, noticing, and

-6-

prosecuting a motion in the Court to approve this Stipulation. The Parties shall not take, or cause any persons or entities to take, any actions calculated or intended to decrease the likelihood of obtaining such approval;

G.   **Breach of/Non-Compliance with Stipulation**. The Parties agree that any breach of, or non-compliance with, this Stipulation, which may be proven by executed affidavit, entitles the non-breaching or complying party to (i) immediate further preliminary and permanent injunctive relief, without the need for any security pursuant to Fed. R. Civ. P. 65 or otherwise; (ii) judgment against each of the breaching/non-complying party or parties for liquidated damages in the amount of $10,000 for each discreet breach or non-complying incident, and all attorneys' fees and costs incurred in attempting to remedy, and/or remedying, the breach(es) or non-compliance; and (iii) such other remedies available at law or in equity, including those related to finding the breaching/non-complying party in contempt of Court and entering appropriate orders and/or judgments related thereto. In this regard, the Parties further agree:

i.   the (a) non-breaching/complying party has a substantial likelihood of prevailing on the merits; (b) non-breaching/complying party will suffer irreparable injury if the non-breaching/complying party is denied the further injunctive relief; (c) non-breaching/complying party's threatened injury outweighs the injury that the opposing party will suffer under the injunctive relief; and (d) further injunctive relief would not be adverse to the public interest;

ii.   the above liquidated damage clause is not a penalty as (a) the anticipated actual damages in the case of any breach or non-compliance is difficult to ascertain; (b) the Parties mutually intend to liquidate such damages in advance; and (c) the $10,000 per each discreet breach or non-complying incident is reasonable and proportionate to the presumed actual damages occurring as a result of each discreet breach or non-compliance; and

iii.   all alleged infringements of Green's copyright in the Journals, if any, have ceased by the Effective Date; as such, if any Defendant infringes Green's copyright in the Journals thereafter, any such infringement shall be deemed to have commenced subsequent to the date of Green's registration of her copyright in the Journals; and

H.   **Exclusive Jurisdiction**. The Court shall retain exclusive jurisdiction to enforce the terms of this Stipulation and shall have exclusive jurisdiction to resolve any disputes or controversies in connection therewith.

-7-

## III.     ADDITIONAL TERMS

8.     **Administrative Closure of Case**.  In the motion seeking approval of the Stipulation, the Parties shall seek administrative closure of the Case pursuant to Local Rule of the Court 41.2, which will result in closure of the Case subject to reopening for good cause, including entering the consent judgment pursuant to paragraph 5 or enforcing the Stipulation.

9.     **Stipulated TRO Extension Order**.  The Stipulated TRO Extension Order shall be superseded upon and by the entry of the Order Approving Stipulation.

10.     **Conditional Release by Green in Favor of Weikel Defendants**.  Upon timely payment in full of the Settlement Amount, and excepting all duties, responsibilities, obligations, and related liability set forth in Part II of this Agreement (the Stipulation), and subject to the truthfulness, accuracy, and completeness of all warranties and representations by the Weikel Defendants in this Agreement, Green, on her and Jonathan Weikel's individual behalf and on behalf of their respective predecessors, successors, assigns, insurers, attorneys, employees, and other agents, fully and forever releases, discharges and acquits the Weikel Defendants from any and all claims, counterclaims, demands, actions, debts, rights, controversies, contracts, liabilities, damages, obligations, disabilities, actions, suits, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, agreements, promises, variances, trespasses, judgments, executions, or causes of action whatsoever, known or unknown, fixed or contingent, liquidated or unliquidated, in law or in equity, asserted or non-asserted, which they either now have, have ever had, or may at any time hereafter have against the Weikel Defendants by reason of any matter, cause or event, which has arisen or may in the future arise from any events which occurred from the beginning of time through the Effective Date.

11.     **Release by Green in Favor of LifeVest and Ms. Simmons**.  Excepting all duties, responsibilities, obligations, and related liability set forth in Part II of this Agreement (the Stipulation), and subject to the truthfulness, accuracy, and completeness of all warranties and representations by the Weikel Defendants, LifeVest, and Ms. Simmons in this Agreement, Green, on her and Jonathan Weikel's individual behalf and on behalf of their respective predecessors, successors, assigns, insurers, attorneys, employees, and other agents, fully and forever releases, discharges and acquits LifeVest and Ms. Simmons from any and all claims, counterclaims, demands, actions, debts, rights, controversies, contracts, liabilities, damages, obligations, disabilities, actions, suits, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, agreements, promises, variances, trespasses, judgments, executions, or causes of action whatsoever, known or unknown, fixed or contingent, liquidated or unliquidated, in law or in equity, asserted or non-asserted, which they either now have, have ever had, or may at any time hereafter have against LifeVest and Ms. Simmons by reason of any matter, cause or event, which has arisen or may in the future arise from any events which occurred from the beginning of time through the Effective Date.

12.     **Release by Defendants**.  Defendants, on their individual behalf and on behalf of their respective predecessors, successors, assigns, insurers, attorneys, employees, and other agents fully and forever release, discharge and acquit Green, Jonathan Weikel, and each other

-8-

(except that LifeVest's release in favor of the Weikel Defendants is subject to the truthfulness, accuracy, and completeness of all warranties and representations by the Weikel Defendants in this Agreement), from any and all claims, counterclaims, demands, actions, debts, rights, controversies, contracts, liabilities, damages, obligations, disabilities, actions, suits, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, agreements, promises, variances, trespasses, judgments, executions, or causes of action whatsoever, known or unknown, fixed or contingent, liquidated or unliquidated, in law or in equity, asserted or non-asserted, which they either now have, have ever had, or may at any time hereafter have against Green, Jonathan Weikel, and each other by reason of any matter, cause or event, which has arisen or may in the future arise from any events which occurred from the beginning of time through the Effective Date.

13.    **Asserting Settled Claims/Fees and Costs**.  The Parties agree and covenant that they shall not bring or assert, in any capacity, any claim or action against the other that arises from or relates in any way to the claims settled hereby and/or released herein, provided however that this paragraph shall not apply to any claim or action brought on account of a Party's breach of, or non-compliance with, this Agreement including the Order Approving Stipulation. A Party bringing an action in contravention of this paragraph shall be liable to the other Parties for the costs, expenses and attorneys' fees incurred in successfully dismissing the action and/or successfully transferring the action to an appropriate court.

14.    **Additional Warranties and Representations**.  Each Party warrants and represents the following:

  A.    each believes it to be in that Party's best interests to settle the matters encompassed by this Agreement, as provided in this Agreement;

  B.    no promise, agreement, inducement, representation, or warranties have been offered to any Party except as expressly provided in this Agreement;

  C.    this Agreement is not in violation of or in conflict with any other agreement of any Party;

  D.    this Agreement is executed voluntarily with full knowledge of the consequences and implications of the terms and obligations contained herein;

  E.    each Party has been represented by counsel of its choice throughout the negotiations that preceded the execution of this Agreement, and in connection with the preparation and execution of this Agreement;

  F.    each Party has carefully and thoroughly reviewed this Agreement in its entirety and has resolved all questions concerning the meaning, legal nature, and binding effect of this Agreement with counsel of their choosing; and

-9-

G.    this Agreement is contractual and not merely recital, and that each Party has read, understands, and fully agrees to the terms of this Agreement.

15.    **Modifications**. No modification of any terms of this Agreement shall be valid or binding upon the Parties or entitled to any enforcement whatsoever unless such modification is reduced to writing and signed by all the Parties or their authorized representatives (and approved by the Court to the extent necessary).

16.    **Consent/Waiver**. No consent or waiver, express or implied, by any Party with respect to a failure of the other Party to perform that Party's obligations pursuant to the terms of this Agreement shall be deemed or construed to be a consent or a waiver as to any other rights that such Party may have with respect to the performance of the terms of this Agreement.

17.    **Severability**. Except as stated in the next sentence, provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall be fully valid and enforceable. Notwithstanding the foregoing, the terms in Part II (Stipulation) are non-severable, and if any parts are found to be unenforceable, Green may void this Agreement in her sole discretion *in toto* within 10 business days of such determination upon written notice to counsel for Defendants, leaving it of no force or effect. Defendants, including Defendants' Agents, agree not to contest any terms of this Agreement (including the Stipulation).

18.    **All Parties Drafted this Agreement**. The rule of construction that provides that ambiguities in a contract shall be construed against the drafter shall not apply to this Agreement because each Party drafted its terms, and all Parties waive applicability of such rule of construction in interpreting this Agreement.

19.    **Additional Rules of Construction**. Any term used in this Agreement that is not defined herein shall have the meaning assigned to that term and shall be construed in accordance with the rules of construction under the laws of the State of Colorado. The words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to this Agreement as a whole and not to any particular section, subsection, paragraph, or clause contained in this Agreement, unless the context requires otherwise. Whenever from the context it is appropriate, each term stated in either the singular or plural shall include both the singular and plural, and each pronoun stated in the masculine, feminine, or neuter includes the masculine, feminine, and neuter.

20.    **Inurement/Non-Delegation**. This Agreement shall be binding in all respects upon, and shall inure to the benefit of the heirs, successors, and assigns of the Parties. The obligations of the signatories to this Agreement shall not be delegated.

21.    **Other Claims/Conferring Benefits**. Nothing in this Agreement shall be construed to (i) affect or impair any claims or causes of action against any person or entity other than those between or among the Parties; or (ii) confer upon any person or entity, other than the Parties, any benefit.

-10-

22.     **Governing Law**.  This Agreement shall be governed by the laws of the State of Colorado, without giving effect to its principles of conflict of laws.

23.     **Entire Agreement**.  This Agreement, along with Exhibits thereto, constitutes the entire agreement of the Parties as to its subject matter, and supersedes all prior stipulations, understandings, negotiations, and discussions, whether written or oral, between and among the Parties and no Party shall have any responsibilities, liabilities, or other affirmative duties, except as stated herein.

24.     **Authority**.  The Parties hereby represent and warrant that they have actual authority to execute this Agreement and that no Party has transferred, sold, conveyed, assigned, hypothecated, or otherwise disposed of any claims, demands, causes of action, suits, debts, rights, controversies, liabilities, damages, and expenses released pursuant to this Agreement.

25.     **Execution**.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same Agreement; provided all of the counterparts shall, in the aggregate, have been executed by the Parties.  The Parties agree that an electronic or faxed signature may substitute for and have the same legal effect as the original signature.

*[Remainder of page intentionally left blank.]*

-11-

26.   **Notices**.   All notice and payments shall be made to the Parties' respective counsel as follows (or such contact information as counsel shall update to the Parties from time-to-time):

Kevin S. Neiman
1775 Sherman, 31st Floor
Denver, CO 80203
Telephone:   (303) 298-1999
Facsimile:   (303) 298-7010
Email:   kneiman@ph-law.com

**Attorneys for Wendy Green**

William Lahey
50 South Steele Street, #430
Denver, CO 80209
Telephone:   (303) 399-3308
Facsimile:   (303) 399-5316
Email:   lahleylawoffice@aol.com

**Attorneys for LifeVest**
**  Publishing, Inc. and Brenda Simmons**

Brenda L. Speer
2 North Cascade Avenue, Suite 1100
Colorado Springs, CO 80903
Telephone:   (719) 381-1708
Facsimile:   (719) 466-8098
Email:   brenda@blspeer.com

**Attorneys for David and Beth Weikel,**
**  By His Design, LLC, By His Design Trust,**
**  and Southwest Investment Properties, LLC**

27.   **Headings**.   The descriptive headings of this Agreement are inserted for reference only and do not constitute a part of this Agreement, nor do they in any way affect the interpretation of any provision of this Agreement.

28.   **Further Cooperation**.   Each Party shall, at any time and from time-to-time after the Effective Date, upon request by any other Party and without further consideration, execute and deliver such instruments of transfer or other documents and take such further action as may be objectively reasonably required in order to fully consummate the settlement in accordance with this Agreement or to carry out and perform any undertaking made by the Parties.

*[Remainder of page intentionally left blank.]*

-12-

_Wendy V. Green_
_____
Wendy Green, individually and as guardian
  for Jonathan Green

Dated this 19 day of August, 2009.


_____
LifeVest Publishing, Inc., by its authorized
representative Brenda Simmons

Dated this ___ day of August, 2009.


_____
Brenda Simmons


Dated this ___ day of August, 2009.

_____
David Weikel

Dated this ___ day of August, 2009.


_____
Beth Weikel

Dated this ___ day of August, 2009.


_____
By His Design, LLC, by its authorized
representative David Weikel

Dated this ___ day of August, 2009.


_____
Southwest Investment Properties, LLC, by its
authorized representative David Weikel

Dated this ___ day of August, 2009.


_____
By His Design Trust, by its Trustee,
_____

Dated this ___ day of August, 2009.


-13-

---
Wendy Green, individually and as guardian
  for Jonathan Green

Dated this ___ day of August, 2009.

---
LifeVest Publishing, Inc., by its authorized
representative Brenda Simmons

Dated this ___ day of August, 2009.

---
Brenda Simmons

Dated this ___ day of August, 2009.

---
David Weikel

Dated this _18_ day of August, 2009.

---
Beth Weikel

Dated this _18_ day of August, 2009.

---
By His Design, LLC, by its authorized
representative David Weikel

Dated this _18_ day of August, 2009.

---
Southwest Investment Properties, LLC, by its
authorized representative David Weikel

Dated this _18_ day of August, 2009.

---
By His Design Trust, by its Trustee,

_____

Dated this _18_ day of August, 2009.

-13-

_____          _____
Wendy Green, individually and as guardian     David Weikel
  for Jonathan Green

Dated this ___ day of August, 2009.          Dated this ___ day of August, 2009.


_____          _____
LifeVest Publishing, Inc., by its authorized     Beth Weikel
representative Brenda Simmons

Dated this _19_ day of August, 2009.         Dated this ___ day of August, 2009.


_____          _____
Brenda Simmons                     By His Design, LLC, by its authorized
                              representative David Weikel

Dated this _19_ day of August, 2009.         Dated this ___ day of August, 2009.


                              _____
                              Southwest Investment Properties, LLC, by its
                              authorized representative David Weikel

                              Dated this ___ day of August, 2009.


                              _____
                              By His Design Trust, by its Trustee,
                              _____

                              Dated this ___ day of August, 2009.


-13-

APPROVED AS TO FORM:

PEARSON, HOROWITZ & BURNETT, P.C.

_____

Kevin S. Neiman
1775 Sherman, 31st Floor
Denver, CO 80203
Telephone:   (303) 298-1999

**Attorneys for Wendy Green**

APPROVED AS TO FORM:

BRENDA L. SPEER, LLC

_____

Brenda L. Speer
2 North Cascade Avenue, Suite 1100
Colorado Springs, CO 80903
Telephone:   (719) 381-1708

**Attorneys for David and Beth Weikel, By His Design, LLC, By His Design Trust, and Southwest Investment Properties, LLC**

APPROVED AS TO FORM:

LAHEY LAW FIRM, P.C.

_____

William Lahey
50 South Steele Street, #430
Denver, CO 80209
Telephone:   (303) 399-3308

**Attorneys for LifeVest Publishing, Inc. and Brenda Simmons**

*[Remainder of page intentionally left blank.]*

-14-

APPROVED AS TO FORM:

PEARSON, HOROWITZ & BURNETT, P.C.

_____

Kevin S. Neiman
1775 Sherman, 31st Floor
Denver, CO 80203
Telephone:   (303) 298-1999

**Attorneys for Wendy Green**

APPROVED AS TO FORM:

BRENDA L. SPEER, LLC

_____

Brenda L. Speer
2 North Cascade Avenue, Suite 1100
Colorado Springs, CO 80903
Telephone:   (719) 381-1708

**Attorneys for David and Beth Weikel, By
His Design, LLC, By His Design Trust, and
Southwest Investment Properties, LLC**

APPROVED AS TO FORM:

LAHEY LAW FIRM, P.C.

_____

William Lahey
50 South Steele Street, #430
Denver, CO 80209
Telephone:   (303) 399-3308

**Attorneys for LifeVest Publishing, Inc. and
Brenda Simmons**

*[Remainder of page intentionally left blank.]*

-14-